IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPEC'S FAMILY PARTNERS, LTD. | § § § | |
| v. | § § | CIVIL ACTION NO.: 4:18-CV-2670 |
| THE EXECUTIVE DIRECTOR OF THE TEXAS ALCOHOLIC BEVERAGE COMMISSION, DEXTER K. JONES, EMILY E. HELM, JUDITH L. KENNISON and MATTHEW EDWARD CHERRY | § § § § § § § | JURY TRIAL DEMANDED |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN
UNDER RULE 26(F)**

Restate the instruction before furnishing the information.

1. State when the parties conferred as required by Rule 26(f), and identify the counsel who conferred.

   The parties conferred via telephone on November 21, 2018. The counsel who conferred were attorneys Stephanie Donaho and John Fason for Plaintiff; attorneys H. Carl Myers and Michael Abrams for Defendants Dexter K. Jones, Judith L. Kennison, Matthew Edward Cherry and the Executive Director of the Texas Alcoholic Beverage Commission; and Adam Bitter for Defendant Emily E. Helm.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   There are no related pending cases.

1

3. Briefly describe what the case is about.

**Plaintiff's Statement**:

Plaintiff Spec's Family Partners, Ltd. ("Spec's") alleges that for nearly two years, the Texas Alcoholic Beverage Commission ("TABC") wrongfully and maliciously pursued approximately 53 specious charges. After costly and protracted litigation and a two-week trial with numerous witnesses, a panel of administrative law judges determined that the TABC's allegations were without merit. The TABC based its unfounded allegations and improper prosecution of Spec's on false testimony and presumptions of statutory violations where none occurred. Officials with the TABC violated federal law, 42 U.S.C. § 1983, and unfairly sought to deprive Spec's of its constitutional rights under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. TABC officials abused considerable licensing and enforcement authority to attempt to extort an $8 million plus settlement. As part of the unconscionable efforts to coerce a settlement, TABC officials wrongfully withheld permits for new stores across the state even though the new locations qualified for permits, resulting in significant economic losses to Spec's. The TABC officials further retaliated against Spec's by refusing to renew permits for existing stores. In direct violation of Texas Alcoholic Beverage Code §11.66, the TABC officials sought to cancel the permit for each of the 164 existing Plaintiff's locations based on groundless allegations, which even if proven, would only involve a handful of store locations.

The wrongful conduct was directed and controlled by TABC employees Dexter K. Jones, statewide Chief of Audit and Investigations, Emily E. Helm, former General Counsel of the agency, as well as TABC lawyers Judith L. Kennison and Matthew Edward Cherry, against whom Spec's seeks damages. Spec's also seeks declaratory judgment and injunctive relief. In addition, Spec's sues under the Sherman Anti-Trust Act. Spec's also seeks a declaratory judgment that defendants'

actions were *ultra vires*.

**Defendants' statement:**

This case is an impermissible effort to recover attorney's fees spent to successfully defend against allegedly bad administrative lawyering. After prevailing in an administrative hearing (in which no attorney's fees were awarded), Plaintiff, Texas' largest retail package store, seeks a federal court award of "just compensation"-including lost profits from delayed growth, "treble damages," and "attorney fees," as well as vague declaratory judgments and injunctive relief-for conduct it does not specifically allege is ongoing. Even if Plaintiff could establish overzealous advocacy at the administrative level, TABC retains sovereign immunity from damages, and the individual defendants' qualified immunity defense completely bars recovery of any claimed damages as well as any declaratory relief and/or injunctions based on past conduct. Plaintiff's most creative effort-claims that a Texas statute violates federal antitrust law-is expressly prohibited by United States Supreme Court precedent. Plaintiff has not stated viable claims for relief and, for the reasons stated in Defendants' pending motion to dismiss, this case should be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

4. Specify the allegation of federal jurisdiction.

Plaintiff alleges this Court has federal question jurisdiction of this case under 28 U.S.C. § 1331.This Court has original jurisdiction under 28 U.S.C. § 1343(a)(3) because certain causes of action are brought under 42 U.S.C. § 1983 to redress the deprivation, under color of state law, statute, ordinance, regulation, custom, or usage, of rights, privileges, or immunities secured by the Constitution of the United States or by an Act of Congress providing for rights of citizens or of all persons within the jurisdiction of the United States. This Court has jurisdiction under 28

U.S.C. § 2201 and Federal Rule of Civil Procedure 57 to issue declaratory relief where, as here, it otherwise has jurisdiction over a controversy. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over the state law claims asserted by Plaintiff because all such claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Name the parties who disagree and the reasons.

For the reasons stated in Defendants' motion to dismiss, *see* Doc. 15 at 5-8, the Court lacks jurisdiction over the claims brought against TABC because Plaintiff cannot overcome TABC's immunity from suit.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

There are no anticipated additional parties at this time.

7. List anticipated interventions.

There are no anticipated interventions at this time.

8. Describe class-action issues.

There are no class-action issues.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

Parties have not made initial disclosures. Plaintiff anticipates it will make its initial disclosures by December 21, 2018.

Defendants have filed a motion to stay discovery and contend that no discovery, including initial disclosures, should occur until the Court rules on Defendants' motion to dismiss. Defendants contend that it would be an abuse of

4

discretion for the Court to order discovery on the merits before ruling on the individual defendants' qualified immunity defenses.

10. Describe the proposed agreed discovery plan, including:

   *A. Responses to all the matters raised in Rule 26(f).*

   **Plaintiff's Statement:**

   In response to Rule 26(f)(3)(B) - subjects on which discovery may be needed:

   Discovery will be needed as to both TABC's stated policies and actual practices in the past concerning:
   (1) complying with TABC Code sec. 11.66; and
   (2) any instances in which an administrative case was pending against a permit holder, which alleged that a permittee was operating against the public health, welfare, and morals of the State, where a permit renewal or new permit application was submitted and while it was pending, the TABC issued the permit renewal or new permit.

   Discovery also will be needed on:
   (3) the TABC's liability and the damages alleged by Plaintiff as a result of the TABC's actions and omissions;
   (4) potential fact issues raised by Defendants' claimed defenses;
   (5) communications, for limited time period, between TABC employees and their attorneys potentially involving the crime-fraud exception to the Attorney-Client Privilege;
   (6) pre-suit investigations of Spec's;
   (7) communications by and between TABC officers, employees, investigators, and the TABC auditors;
   (8) preparation by the TABC of the TABC's Notice of Violations letter that was subsequently docketed with SOAH;

(7) information related to documents and actions of TABC employees to place administrative holds and/or protests on Spec's pending TABC applications;

(8) Communications between TABC employees and persons employed by Southern Glazer's Wine & Spirits regarding Spec's.

Discovery should not be conducted in phases or be limited to or focused on particular issues.

In response to Rule 26(f)(3)(C) - preservation of electronically stored information:

Plaintiff requests the Court to order that Defendants preserve and not destroy all email and text communications by and between TABC officers, agents, auditors, and employees regarding the investigations of Spec's and communications with any other party about the investigations and the docketing of the SOAH case.

In response to Rule 26(f)(3)(D):

Plaintiff will argue that the Crime Fraud Exception to the Attorney-Client Communication Privilege applies to certain emails and other communications among and between the individual Defendants, as well as communications with other employees of the TABC. In camera inspection and evaluation of such written communications is likely to be required.

**Defendants' Statement:**

Defendants have filed a motion to stay discovery and contend that no discovery should occur until the Court rules on Defendants' motion to dismiss. Defendants contend that it would be an abuse of discretion for the Court to order discovery on the merits before ruling on the individual defendants' qualified immunity defenses. Defendants disagree that the crime-fraud exception to the attorney-client

privilege applies in this matter.

*B. When and to whom the plaintiff anticipates it may send interrogatories.*

Plaintiff anticipates sending interrogatories within six (6) months. Plaintiff will send interrogatories to all Defendants.

*C. When and to whom the defendant anticipates it may send interrogatories.*

Defendants have filed a motion to stay discovery and contend that no discovery should occur until the Court rules on Defendants' motion to dismiss. Accordingly, Defendants do not intend to serve interrogatories until after the Court's ruling on the motion to dismiss.

*D. Of whom and by when the plaintiff anticipates taking oral depositions.*

Plaintiff anticipates taking oral depositions of Dexter K. Jones, Emily E. Helm, Judith L. Kennison, Matthew Edward Cherry, Josh Alexander, Nicole Phillips, and Defendants' expert witnesses. Plaintiff anticipates taking these oral depositions within one (1) year.

*E. Of whom and by when the defendant anticipates taking oral depositions.*

Defendants have filed a motion to stay discovery and contend that no discovery should occur until the Court rules on Defendants' motion to dismiss. Accordingly, Defendants do not intend to depose any individuals or entities until after the Court's ruling on the motion to dismiss.

*F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.*

Depending on the progression of discovery concerning documents and fact witness depositions, Plaintiff anticipates being able to designate experts and provide the reports required within eight (8) months.

Defendants have filed a motion to stay discovery and contend that no discovery should occur until the Court rules on Defendants' motion to dismiss. Defendants do not currently believe any experts are necessary in this matter and are unable to estimate when any such experts would be designated.

*G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Plaintiff anticipates taking the expert depositions of: (1) the Defendants' expert as to Plaintiff's economic damages; (2) Defendants' expert as to Plaintiff's attorneys fees.

*H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).*

Defendants have filed a motion to stay discovery and contend that no discovery should occur until the Court rules on Defendants' motion to dismiss. Defendants do not currently believe any experts are necessary in this matter and are unable to estimate when any such depositions will be completed.

*Rule 26(f)(3)(D): Any issues about claims of privilege.*

Plaintiff refers to its statement above in response to Rule 26(f)(3)(D).

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

As indicated above, the parties disagree on the scope and appropriateness of discovery in this matter.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can be reasonably completed.

    **Plaintiff's Statement:**

    November 30, 2019.

    **Defendants' Statement:**

    Defendants maintain that no discovery can be conducted until the Court rules on the motion to dismiss. Because it is uncertain when a ruling will issue, Defendants are unable to estimate when discovery can reasonably be completed.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Settlement discussions have occurred. Plaintiff sent a written settlement proposal to the General Counsel of the TABC. Defendants do not believe that settlement is a viable option for resolution of this case.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Plaintiff sent a written settlement proposal. Plaintiff filed the case under seal. Plaintiff has researched forms and procedure under Texas law to accomplish a settlement. Plaintiff's counsel has discussed settlement with representatives of Defendants. Defendants have listened to and considered Plaintiff's settlement offer but do not believe that settlement is a viable option for resolution of this case.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique

may be effectively used in this case.

**Plaintiff's Statement:**

If Defendants will first make a counter-offer, then Plaintiff is amenable to mediation with a fee-based mediator pursuant to Tex. Civ. Prac. & Rem. Code Chapter 154.

**Defendants' Statement:**

Defendants do not believe that there are alternative dispute resolution techniques that are reasonably suited to this case.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    The parties are not amenable to a trial before a Magistrate judge.

18. State whether a jury demand has been made and if was made on time.

    Plaintiff has requested a jury.

19. Specify the number of hours it will take to present the evidence in this case.

    32 to 48 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    None.

21. List other motions pending.

    Defendants' Motion to Dismiss (Doc. 15) and Defendants' Motion to Stay Discovery (Doc. 14) are both pending before the Court..

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    Plaintiff will argue that the Crime Fraud Exception to the Attorney-Client Communication Privilege applies to certain emails and other communications among and between the individual Defendants, as well as communications with other employees of the TABC. In camera inspection and evaluation of such written communications is likely to be

required.

Defendants disagree that the crime-fraud exception to the attorney-client privilege applies in this matter.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

Plaintiff filed its Certificate of Interested Parties on October 9, 2018. Defendants filed their Certificate of Interested Parties on November 20, 2018.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

Counsel for Plaintiff:

Albert T. Van Huff
State Bar No.: 24028183
S.D. Texas No.: 26968
John S. Fason
State Bar No.: 06849280
S.D. Texas No.: 10349
Stephanie B. Donaho
State Bar No.: 24055213
S.D. Texas No.: 3028742

Monshaugen & Van Huff, P.C.
1225 North Loop West, Suite 640
Houston, Texas 77008
(713) 880-2992
(713) 880-5297 Fax
Email: al@vanhuff.com
FasonEservice@gmail.com
sdonaho@vanhuff.com

Counsel for Defendants The Executive Director of the Texas Alcoholic Beverage Commission, Dexter K. Jones, Judith L. Kennison and Matthew Edward Cherry:

H. Carl Myers
State Bar No.: 24046502

S.D. Texas No.: 852368
Michael R. Abrams
State Bar No.: 24087072
S.D. Texas No.: 2513900

Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 Fax
Email: carl.myers@oag.texas.gov
Email: michael.abrams@oag.texas.gov


Counsel for Defendant Emily E. Helm:

Adam N. Bitter
State Bar No. 24085070
S.D. Texas No. 2167538

Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4055
(512) 320-0667
adam.bitter@oag.texas.gov

Respectfully submitted,

MONSHAUGEN & VAN HUFF, P.C.
/s/ Albert T. Van Huff
ALBERT T. VAN HUFF
Attorney-in-Charge
SBN: 24028183
S.D. Tex.: 26968
STEPHANIE B. DONAHO
SBN: 24055213
S.D. Tex.: 3028742
John S. Fason
State Bar No.: 06849280
S.D. Texas No.: 10349
1225 North Loop West, Suite 640
Houston, Texas 77008
(713) 880-2992 Tel.
(713) 880-5297 Fax
Email: al@vanhuff.com

ATTORNEYS FOR SPEC'S FAMILY
PARTNERS, LTD., Plaintiff


Respectfully submitted.

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

DARREN L. MCCARTY
Deputy Attorney General for Civil Litigation

DAVID A. TALBOT, JR.
Acting Chief - General Litigation Division

/s/
H. CARL MYERS

13

Texas Bar No. 24046502
Southern District No. 852368
Attorney-in-Charge
MICHAEL R. ABRAMS
Texas Bar No. 24087072
Southern District No. 2513900
Assistant Attorneys General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | FAX: (512) 320-0667
carl.myers@oag.texas.gov
michael.abrams@oag.texas.gov

COUNSEL FOR DEFENDANTS
EXECUTIVE DIRECTOR OF THE TEXAS
ALCOHOLIC BEVERAGE COMMISSION,
DEXTER K. JONES, JUDITH L. KENNISON,
AND MATTHEW EDWARD CHERRY

/s/
ADAM N. BITTER
Texas Bar No. 24085070
Southern District No. 2167538
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 475-4055 | FAX: (512) 320-0667
adam.bitter@oag.texas.gov

COUNSEL FOR DEFENDANT
EMILY E. HELM