United States District Court
Southern District of Texas
**ENTERED**
August 29, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SPEC'S FAMILY PARTNERS, LTD., | § § | |
| Plaintiff, | § | |
| VS. | § § | CIVIL ACTION NO. 4:18-CV-02670 |
| THE EXECUTIVE DIRECTOR OF THE TEXAS ALCOHOLIC BEVERAGE COMMISSION, *et al*, | § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court are Texas Alcoholic and Beverage Commission officials—the Defendants—Adrian Bentley Nettles (Executive Director of TABC), Dexter K. Jones (Chief of Audit and Investigations), Emily E. Helm (former General Counsel for TABC), Judith L. Kennison (TABC attorney), and Matthew Edward Cherry's (TABC attorney) Motion to Dismiss (Doc. #15), Plaintiff Spec's Family Partners, Ltd.'s ("Plaintiff") Response (Doc. #28), and Defendant's Reply (Doc. #32). After considering the parties' arguments, submissions and applicable legal authority, the Court grants Defendants' Motion to Dismiss.

**I.  Background**

This case arises out of an administrative enforcement action prosecuted by the Texas Alcoholic Beverage Commission ("TABC") against Plaintiff. Plaintiff alleges that the fifty-three charges brought against it were "wrongfully and maliciously pursued," that the administrative enforcement action brought by TABC against Plaintiff "should have never been filed," and that it caused "tremendous expense and economic loss" to Plaintiff. Doc. #3 at 1; Doc. #28 at 1.

In late 2012, early 2013, industry participants complained of misconduct by Plaintiff. As a result, TABC investigated aspects of Plaintiff's business and concluded that Plaintiff violated

numerous applicable Texas regulations. TABC initiated a formal case at the State Office of Administrative Hearings ("SOAH") in February 2013. In the SOAH case, TABC sought to cancel or suspend 164 of Plaintiff's retail package store permits. Doc. #3 at 6. Plaintiff alleges that Defendants "wrongfully withheld permits" for new stores across Texas and refused to renew Plaintiff's permits for existing stores during the administrative enforcement action. *Id.* at 2. Plaintiff believes that Defendants did this in order to "coerce an unjustified multi-million dollar settlement" from Plaintiff. *Id.*; Doc. #28 at 1.

The two-week SOAH hearing was conducted in front of a panel of three administrative law judges. Doc. #3 at 10–30. After the evidentiary hearing, the panel of judges concluded that TABC had not met its burden with respect to any of the charges against Plaintiff except "one credit law violation." *Id.* at 9. Plaintiff now claims that the charges against it were "groundless" and Defendants were the cause of Plaintiff's economic losses. Doc. #28 at 2. Plaintiff asserts numerous complaints concerning the actions of TABC officials during the initiation of the enforcement action and the enforcement hearing. Doc. #3 at 10–30. Specifically, Plaintiff alleges that the conduct of the TABC officials involved in the administrative enforcement proceedings violated its Fourth, Fifth, and Fourteenth Amendment rights under 42 U.S.C. § 1983. *Id.* at 1, 30–33.

Plaintiff further argues that "TABC's allegations were based on false testimony from a TABC witness" and that it was deprived of both procedural and substantive due process. *Id.* at 9, 30. Furthermore, Plaintiff brings state law claims for malicious prosecution. *Id.* at 35–38. Plaintiff requests that this Court issue a declaratory judgment and provide injunctive relief to prevent TABC from "ever again engaging in the same or similar abusive tactics in the future." *Id.* at 2. Plaintiff is also seeking just compensation for the losses and damages it suffered as a

result of the enforcement action. *Id.* Lastly, Plaintiff alleges that TABC violated the Sherman Antitrust Act (The Sherman Act, 26 Stat. 209, as amended, 15 U.S.C. § 1 *et seq.*) and seeks a declaratory judgment that Texas Alcoholic Beverage Code § 102.01(a)(7) is a per se violation of the Sherman Antitrust Act. Doc. #3 at 2; 38–40.

Defendants move to dismiss this case for failure to state a claim and for failure to overcome TABC and its' officials' immunity from suit under Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). Defendants argue that Plaintiff's claims should be dismissed pursuant to Eleventh Amendment sovereign immunity, and that the individual Defendants are entitled to both absolute immunity and qualified immunity. The issue before the Court is whether Plaintiff's allegations concerning the administrative enforcement proceedings are appropriate in light of Defendants' assertion of various immunities from suit.

## II. Legal Standards

### A. Motion to Dismiss 12(b)(1) and 12(b)(6)

A district court must dismiss a case when the plaintiff fails to establish subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). However, dismissal based on lack of subject-matter jurisdiction does not constitute a determination of the claim on its merits, and does not prevent a plaintiff from pursuing the claim in a court that has proper jurisdiction. *Id.*

A motion to dismiss is the proper vehicle to assert a claim of absolute immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 416 (1976) (prosecutorial immunity); *Mowbray v. Cameron County*, 274 F.3d 269, 276, 279 (5th Cir. 2001) (prosecutorial immunity and witness immunity).

3

The Supreme Court has stated that a defendant properly invoking immunity is entitled to dismissal even before discovery. *Behrens v. Pelletier*, 516 U.S. 299, 306 (1996).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). "Under the 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 674 (2009) (quoting *Twombly*, 550 U.S. at 570).

### B. Eleventh Amendment Sovereign Immunity

The Eleventh Amendment to the United States Constitution has been interpreted to preclude suit against a state government by citizens of that state unless the state has waived its immunity or Congress has abrogated the state's immunity. *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Aguilar v. Tex. Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). This protection extends to state agencies and departments and applies regardless of the type of relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Florida Dept. of Health & Rehabilitative Services v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945). The Supreme Court articulated a narrow exception for cases against state officials in their official capacity

4

seeking injunctive or declaratory relief. *Ex parte Young*, 209 U.S. 123, 159–160 (1908). Specifically, individual state defendants—e.g., the director of a state agency—are not subject to Eleventh Amendment immunity if (i) the individual defendant is sued in his or her "official capacity," and (ii) plaintiff seeks *only prospective injunctive relief* from the individual defendant. *See Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (emphasis added).

### C. Absolute Immunity

"A prosecutor is absolutely immune for initiating and pursuing a criminal prosecution, for actions taken in her role as 'advocate for the state' in the courts, or when her conduct is 'intimately associated with the judicial phase'" of the process. *Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) (citations omitted). [T]he Supreme Court has recognized that executive branch officials, when participating in a federal administrative agency's adjudicative process, are entitled to absolute immunity because they perform functions comparable to those of judges and prosecutors. *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 634 (5th Cir. 2000) (citing *Butz v. Economou*, 438 U.S. 478, 512–13 (1978)). The acts of an advocate "in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

### III. Analysis

#### A. The Eleventh Amendment bars suit against the state agency and its officials

The Plaintiff sued TABC—a Texas state agency responsible for regulating, inspecting, and taxing the production, sale, and use of alcoholic beverages within the state—and its officials. "Absent waiver, neither a State nor agencies acting under its control may 'be subject to suit in

federal court.'" *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993) (quoting *Welch v. Texas Dept. of Highways and Public Transportation*, 483 U.S. 468, 480 (1987)). Additionally, "Congress has not abrogated state sovereign immunity under 42 U.S.C. § 1983." *Raj v. Louisiana. Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 342 (1979)) (cleaned up). It is undisputed that TABC is a political subdivision of the state of Texas and that it has not waived its immunity from this lawsuit. *See Aquinaga v. Tex. Alcohol & Beverage Comm'n*, 98 F. App'x 328, 330 (5th Cir. 2004). Accordingly, TABC is immune from suit in this Court under the Eleventh Amendment. Therefore, as to Plaintiff's 42 U.S.C. § 1983 claims against TABC, the Court finds it lacks subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because claims against TABC are barred by Eleventh Amendment sovereign immunity.[1] Similarly, to the extent that Plaintiff brought claims against TABC officials in their official capacity, they too are entitled to sovereign immunity from suit for damages under the Eleventh Amendment.

Additionally, Plaintiff alleged declaratory and injunctive relief against the TABC officials in their official capacity. "A private party may sue individual state officers in federal court to obtain *prospective relief* from an *ongoing violation of federal law*." *AT&T Commc'ns v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 647 (5th Cir. 2001) (citations omitted) (emphasis added). However, retrospective relief serving "compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Green v. Mansour*, 474 U.S. 64, 68 (1985). Plaintiff failed to allege a continuing violation of federal law which is

---

[1] Plaintiff states that it did not bring claims against TABC as an entity, just against its officials. Doc. #28 at 12. However, to the extent Plaintiff made allegations against TABC, those allegations against both TABC and its officials in their official capacity are barred by the Eleventh Amendment.

necessary to avoid the immunity to which state officials are entitled under the Eleventh Amendment. Here, all that Plaintiff seeks is compensation for the enforcement proceedings and deterrence against TABC from initiating enforcement proceedings like those initiated against Plaintiff. While the effects to plaintiff may be ongoing, they flow from a single, allegedly defective administrative hearing in the past, which will not be repeated. The relief requested is injunctive in nature, in that Plaintiff seeks a court order to correct past alleged deficiencies. The requested relief, however, is not prospective in effect, and, therefore, Plaintiff's challenge is barred by Eleventh Amendment immunity.[2]

Accordingly, because the Court finds that the claims against TABC and its officials in their official capacity are barred by Eleventh Amendment sovereign immunity, the Court lacks subject-matter jurisdiction over such claims under Fed. R. Civ. P. 12(b)(1).

## B. Claims against Defendants in their individual capacity

All of Plaintiff's allegations surround the actions taken by TABC officials during the administrative enforcement action brought by TABC against Plaintiff. Plaintiff's claims involve the prosecutorial conduct of Defendants Helm, Kennison, and Cherry and the testimony provided by Defendant Jones.

---

[2] Plaintiff also invoked the so-called *ultra vires* exception to the immunity of TABC officials. Doc. #3 at 40–41. An *ultra vires* action is one in which the plaintiff seeks "relief in an official-capacity suit against a government actor who allegedly has violated statutory or constitutional provisions by acting without legal authority or by failing to perform a purely ministerial act." *Lazarides v. Farris*, 367 S.W.3d 788, 801 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citing *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372–73 (Tex. 2009)). Governmental immunity does not bar such *ultra vires* claims, but the only remedies available to a successful plaintiff are prospective declaratory and injunctive relief. *Heinrich*, 284 S.W.3d at 376, 380; *see Lowell v. City of Baytown*, 356 S.W.3d 499, 501 (Tex. 2011) (explaining "retrospective monetary remedies are generally barred by governmental immunity"). Plaintiff seeks damages and not prospective injunctive or declaratory relief, in this case; thus, the *ultra vires* exception does not apply. Accordingly, Plaintiff's *ultra vires* allegation is dismissed.

Plaintiff's claims against Defendants Helm, Kennison, and Cherry fail because they are absolutely immune in their individual capacity from suit on claims arising out of their involvement as attorneys that initiated the administrative enforcement actions against Plaintiff and wherein they represented TABC. *See Modelist v. Hernandez*, 482 F. App'x 971 (5th Cir. 2012) (citations omitted) ("The lawyer defendants are also absolutely immune because they were performing 'functions analogous to those of a prosecutor.'"). Courts in the Fifth Circuit have found that those involved as attorneys representing administrative agencies like the Texas Medical Board and the Texas State Board of Dental Examiners are absolutely immune in their individual capacity from suits involving administrative proceedings that they were involved in prosecuting. *See e.g. Beck v. Tex. State Bd. of Dental Exam'rs*, 204 F.3d 629, 634 (5th Cir. 2000); *see also Simmons v. Jackson*, No. 3:15-CV-01700-S-BT, 2018 WL 7021485, at *3 (N.D. Tex. Dec. 21, 2018), report and recommendation adopted, No. 3:15-CV-01700-S-BT, 2019 WL 186654 (N.D. Tex. Jan. 14, 2019).

The TABC officials listed as Defendants in this case were working as executive branch officials of the state of Texas involved in an administrative adjudicative process performing functions similar to those of prosecutors. All of Plaintiff's claims against the Defendants arise out of their role as attorneys in the prosecution TABC's case against Plaintiff. As the Fifth Circuit has recognized, a prosecutor is absolutely immune when "she acts in her role as an advocate for the state by initiating and pursuing prosecution," or "her conduct is 'intimately associated with the judicial phase of the criminal process.'" *Beck*, 204 F.3d at 637 (citing *Burns v. Reed*, 500 U.S. 478, 491-92 (1991)). Plaintiff's claims against Defendants Helm, Kennison, and Cherry fail due to Defendants' entitlement to absolute immunity, therefore Plaintiff's claims should be dismissed with prejudice. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)

8

(holding that a dismissal based on absolute immunity was properly dismissed with prejudice).

Furthermore, Plaintiff alleges that Defendant Jones gave inaccurate testimony at the administrative enforcement proceeding. However, absolute immunity extends to a witness for his or her testimony at trial. *See Castellano v. Fragozo*, 352 F.3d 939, 958 (5th Cir. 2003) (stating "the well-established rule that prosecutors and witnesses, including police officers, have absolute immunity for their testimony at trial."). "Absolute immunity to a witness against claims arising from testimony applies with equal force in both trial and adversarial pretrial settings." *Moore v. McDonald*, 30 F.3d 616, 619 (5th Cir. 1994). Accordingly, Plaintiff's claims against Defendant Jones in his individual capacity are also properly dismissed based upon absolute immunity.[3]

## C. Sherman Antitrust claims

Plaintiff alleges that Defendants engaged in anticompetitive conduct when Defendants refused to issue new permits to Plaintiff and sought cancellation of Plaintiff's permits during the administrative enforcement action. Plaintiff's complaints concern how TABC officials enforced the very state laws that they are tasked to enforce. The Sherman Antitrust Act confers immunity on the States' own anticompetitive policies "out of respect for federalism" and "confer[s] immunity on anticompetitive conduct by the States when acting in their sovereign capacity." *N. Carolina State Bd. of Dental Examiners v. F.T.C.*, 574 U.S. 494, 503 (2015) (citing *Parker v. Brown*, 317 U.S. 341, 350–51 (1943)). TABC is a sovereign entity controlled by the state of Texas. Here, the Plaintiff complains of actions taken by TABC officials in their sovereign capacity while enforcing the States' own laws and policies. Accordingly, Defendants are immune from Plaintiff's Sherman Antitrust claims.

---

[3] Because the Court finds that Defendants are entitled to absolute immunity, the Court will not analyze the applicability of qualified immunity.

### D. State law claims

When a "district court has dismissed all claims over which it has original jurisdiction" it may decline supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Because the Court finds that the claims against Defendants in their official capacity are barred by Eleventh Amendment sovereign immunity and the claims against the Defendants in their individual capacity are dismissed based upon absolute immunity, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law malicious prosecution claims. Accordingly, Plaintiff's malicious prosecution claims are dismissed without prejudice.

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. #12) is GRANTED. All claims alleged against TABC and its officials in their official capacity are hereby DISMISSED without prejudice for lack of subject-matter jurisdiction. Additionally, Plaintiff's state law malicious prosecution claims are DISMISSED without prejudice. Furthermore, all claims against all Defendants in their individual capacity are hereby DISMISSED with prejudice due to Defendants' absolute immunity from suit.

It is so ORDERED.

AUG 2 8 2019
Date

The Honorable Alfred H. Bennett
United States District Judge